JAMES A. THOMAS, SR., plaintiff in error, *vs.* JOHN B. WOLFE, defendant in error.

1. Evidence that a promissory note, payable "in any solvent notes," was intended to be drawn, payable in any solvent notes of a particular estate, is immaterial. Proof that tender or payment was made in solvent notes belonging to that estate, would have been admissible to show defendant's compliance, or readiness to comply with his contract, as set out by the plaintiff. Hence, the proposed addition to the contract would not have strengthened defendant's case, and a continuance moved for, on the ground of the absence of a witness, by whom defendant expected to prove the proposed addition, was properly refused. The offer of defendant to prove the same fact by his own evidence was rightly rejected, for the same reason.
2. A promissory note, payable "in any solvent notes," requires tender or payment in notes solvent at the time of such tender or payment.

Parol evidence. Continuance. Tender. Before Judge ALEXANDER. Laurens Superior Court. October Term, 1871.

John B. Wolfe brought complaint against James A. Thomas, sr., upon the following promissory note:

"$200 00.

"One day after date I promise to pay J. B. Wolfe or bearer, two hundred dollars, for value received, to be paid in any solvent notes.       (Signed)

"August 27th, 1866.       "JAMES A. THOMAS, Sr."

On the call of said case, defendant moved for a continuance on the ground of the absence of Byron W. Whitehead, a material witness. After the formal showing, defendant stated that he expected to prove by said absent witness that said note was given upon the following consideration, to-wit: That the said witness had employed plaintiff as an attorney to settle for him his interest in the estate of A. C. Whitehead; that the witness had subsequently sold his interest in said estate to defendant; that plaintiff agreed to represent defendant upon the same terms that he had contracted with the witness, to-

wit: to receive $200 00 in any solvent notes belonging to the estate of A. C. Whitehead.

The motion for a continuance was overruled, upon the ground that the evidence would be inadmissible if the witness was present.

Upon the trial the defendant proposed to prove, by his own testimony, the facts set forth in the showing for a continuance, with the additional fact that the words "belonging to the estate of A. C. Whitehead," should have been added to the note, but were omitted by accident or mistake. The evidence was excluded by the Court.

The jury returned a verdict for the plaintiff.

The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the verdict is contrary to law.

2d. Because the Court erred in overruling the motion for a continuance.

3d. Because the Court erred in refusing to allow defendant to testify as above set forth.

The motion for a new trial was overruled, and plaintiff in error excepted.

R. A. STANLEY; J. RIVERS, represented by NEWMAN & HARRISON, for plaintiff in error.

E. P. HOWELL, for defendant.

MONTGOMERY, Judge.

The defendant in error sued the plaintiff in error on a promissory note, drawn in the usual form, except that it stated it was " to be paid in any solvent notes." When the case was called, defendant below moved a continuance, on account of the absence of a witness, by whom he expected to prove that the note should have read, " to be paid in any solvent notes belonging to the estate of A. C. Whitehead." Defendant had pleaded this mistake in the contract, and also, by amended plea, that he had tendered notes, (without saying whether they

were solvent or not,) belonging to that estate, in payment, which plaintiff had refused. The Court overruled the motion to continue. Defendant then offered to prove the same fact by himself. His evidence was rejected. There was no statement made by defendant, or his counsel, that he expected to prove by the absent witness, or that the defendant, himself, could prove a tender of any solvent notes to the plaintiff in payment of the note sued on, whether belonging to the estate named, or of any other solvent notes. The evidence, then, if admitted, would have been wholly immaterial. Counsel insisted, in the argument, that the proposed addition to the note was material, because a payment of notes belonging to the estate, which had been solvent at the date of the note sued on, but were no longer so, would be a compliance with defendant's contract. We do not think so.

Judgment affirmed.