O'HARE INTERNATIONAL BANK, Trustee, *et al.*, Plaintiffs-Appellees, *v.* ZONING BOARD OF APPEALS, CITY OF PARK RIDGE, *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 60862

Opinion filed April 15, 1976.

Albert A. Klest, of Park Ridge, for appellants.

Robert R. Napoleon, of Chicago, for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

This case is before our court a second time. In *O'Hare International Bank v. Zoning Board of Appeals* (1972), 8 Ill. App. 3d 764, 291 N.E.2d 349, *leave to appeal denied*, 53 Ill. 2d 606 (1973), the plaintiffs failed to designate as defendants certain Park Ridge residents who had made personal or representative appearances at the zoning board hearing at which the plaintiffs' requests for two building permits were considered and denied. We held that those who had become parties of record in the zoning board hearing should have been named and served as defendants in the administrative review proceeding. Within a year the plaintiffs filed a new complaint naming these parties as additional defendants. The trial court denied the defendants' motion to dismiss the complaint and entered judgment ordering the City of Park Ridge and its Zoning Board of Appeals to issue the permits. The defendants have appealed from the denial of their motion to dismiss and the judgment in favor of the plaintiffs.

■■ In repeating their contention that the second complaint should have been dismissed and that the trial court erred in not doing so, the defendants have interposed numerous arguments to the effect that the plaintiffs had no right to rebring their action for administrative review and to name additional parties as defendants inasmuch as the statute of limitations had run. (Ill. Rev. Stat. 1971, ch. 110, par. 267.) Their arguments are without merit. The plaintiffs had the right to refile their action for administrative review within one year after our court reversed the judgment favoring them, and this they did 364 days after our decision. (Ill. Rev. Stat. 1973, ch. 83, par. 24a.) Also, they had the right to amend their complaint to name the additional parties. (Ill. Rev. Stat. 1973, ch. 110, par. 26; Ill. Rev. Stat. 1973, ch. 110, par. 277; *Dendor v. Board of Fire & Police Commissioners* (1973), 11 Ill. App. 3d 582, 297 N.E.2d 316.) The defendants rely heavily upon *Nupnau v. Hink* (1964), 53 Ill. App. 2d 81, 203 N.E.2d 63, but that decision was reversed in *Nupnau v. Hink* (1965), 33 Ill. 2d 285, 211 N.E.2d 379. There the court held that the plaintiffs could amend their complaint to include all the necessary parties (heirs to a will) although the nine-month statutory period for filing a complaint following the admission of a will to probate had elapsed. Similarly, the plaintiffs in this case were properly allowed to renew their complaint and rebring their action. No injustice resulted to the defendants who received notice and a hearing without being forced to undergo undue expense or inconvenience. Nevertheless, although we affirm the trial court's procedural ruling, we are forced to conclude that it was mistaken in sustaining the plaintiffs' substantive claims.

The plaintiffs acquired title to 100 feet of property on a residential street in the City of Park Ridge. The property, consisting of four

contiguous 25-foot lots, in a district zoned A, had been used as one unit for many years. A single-family residence, located slightly off center, occupies portions of the two middle lots and the abutting areas had been used for lawns, gardens and recreational purposes.

The platting of the property into four 25-foot lots took place in 1924. In 1928 an ordinance was adopted which provided that the minimum requirement for a residence in that zoning district was a lot with a minimum frontage of 50 feet on an area of 6500 square feet. An amendment (Park Ridge Zoning Ordinance, ch. 252—8) adopted in 1966 but repealed in 1971, permitted the construction of a dwelling on a substandard lot if the owner had unsuccessfully made every reasonable effort to enlarge it.

While the 1966 exception was in effect, the plaintiffs sought to obtain building permits to erect single-family residences on the 25-foot substandard lots on both sides of the present residence. Since the residence did not occupy the entire 50 feet in the center, the plaintiffs also proposed to take 3½ feet of land from one side of the residence and 10 feet from the other to add to the side lots. The side lots would thus have been increased to 28½ feet and 35 feet respectively, and the space occupied by the residence would have been reduced to 36½ feet. These changes would have resulted in three substandard lots in an A district.

Section 252—8(a), (b), (c) of the Park Ridge zoning ordinance under which the plaintiffs sought to obtain their permits, was repealed between the decision of the Circuit Court in March 1970, and our reversal of that decision in 1972. The plaintiffs do not claim that they are entitled to the permits under the revised section. They contend that the City had no power to repeal the former section (which set forth exceptions to the front footage and area requirements for lots in the A-Residence Districts) to adversely affect their applications made more than two years before the change. They further contend they had a vested right to the permits because of their good faith expenditure in buying the property in reliance upon the probability of the issuance of the permits. However, there is no evidence in the record that they purchased the two lots in reliance upon the repealed provision. The plaintiffs did not testify at the hearing before the Zoning Board of Appeals and they introduced no evidence as to any expenditure they made in reliance upon the probability that the permits would be granted. The only testimony that we can find that may be said to have touched upon a change in the plaintiffs' position came from a citizen who spoke against permitting the proposed construction. He said that the plaintiffs had removed 19 trees from the lots.

■■■ A municipality may effectively repeal an ordinance after a trial court has rendered a judgment under it and while the case is pending on appeal. The controlling provision is the newly enacted one. (*People ex rel.*

*Eitel v. Lindheimer* (1939), 371 Ill. 367, 21 N.E.2d 318; *Show of Shows, Inc. v. Illinois Liquor Control Com.* (1967), 86 Ill. App. 2d 109, 230 N.E.2d 268.) An exception is where vested rights have accrued. (*Shelton v. City of Chicago* (1969), 42 Ill. 2d 468, 248 N.E.2d 121.) This court in *People ex rel. Gustafson v. City of Calumet City* (1968), 101 Ill. App. 2d 8, 13, 241 N.E.2d 512, indicated one way in which rights will vest in the zoning context.

> " '* * * any substantial change of position, expenditures, or incurrence of obligations occurring under a building permit or in reliance upon the probability of its issuance is sufficient to create a right in the permittee and entitles him to complete the construction and use the premises for the purposes originally authorized irrespective of a subsequent zoning or change in zoning classification.' *Fifteen Fifty North State Building Corp. v. City of Chicago*, 15 Ill. 2d 408, 155 N.E.2d 97 (1959) * * *."

Not all expenditures and actions taken in reliance upon a zoning classification will be held sufficient to create a vested position. (*People ex rel. National Bank v. County of Cook* (1965), 56 Ill. App. 2d 436, 206 N.E.2d 441.) Here the only possible change in position taken in reliance upon the repealed provision was the testimony concerning the removal of 19 trees. No financial data indicating the cost of this action or its effect upon the value of the property was shown. The evidence before us is insufficient to establish a substantial change in the plaintiffs' position or any vested right in the provisions of the repealed ordinance.

The order of the Circuit Court reversing the zoning board's decision and directing the City of Park Ridge to issue the building permits is therefore reversed.

Reversed.

MEJDA, P. J., and McNAMARA, J., concur.