RIDGE OUTDOOR ADVERTISING COMPANY, INC., Plaintiff-Appellee, v., THE VILLAGE OF INDIAN HEAD PARK *et al.*, Defendants-Appellants.

First District (2nd Division) No. 84—193

Opinion filed December 11, 1984.

*Justice Downing participated in the decision of the above-captioned case before the expiration of his term in office.

E.F. McDonnell, Jr., Bruno W. Tabis, Jr., and Diane M. Curtis, all of Chicago (Anderson, McDonnell, Miller & Tabis, of counsel), for appellants.

Vincent Cainkar, of Louis F. Cainkar, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

After remand, following the first appeal in this case, the circuit court granted plaintiff, Ridge Outdoor Advertising Company, Inc. (Ridge), the right to construct a sign under an ordinance adopted in 1982 by defendant, Village of Indian Head Park (village), a non-home-rule municipality. The village appeals. Just prior to this second appeal, the village amended its ordinance with respect to the point from which the height of outdoor signs should be measured. The village urges this court to find that the sign proposed by Ridge does not conform to the requirements of the former ordinance; alternatively, the village asks this court to take judicial notice of the 1984 ordinance amendment and to find that the proposed sign should be evaluated by the new standard therein contained. We reject both of the village's alternatives.

In the first appeal of this cause, Ridge had secured a declaratory judgment against the village, giving it the right to build and maintain the proposed sign. In a Supreme Court Rule 23 order (87 Ill. 2d R. 23), *Ridge Outdoor Advertising Co. v. Village of Indian Head Park* (1983), 117 Ill. App. 3d 1160, we held, *inter alia,* that the village ordinances governing the construction and maintenance of outdoor signs did not violate the Highway Advertising Control Act of 1971 (Ill. Rev. Stat. 1983, ch. 121, par. 501 *et seq.*) (Act), that Ridge had the right to build its proposed sign, and that although the village could enact regulations concerning matters not previously contemplated, it could not enact measures designed to harass Ridge.

Subsequent to our first decision, Ridge filed an application with the village on October 11, 1983, for a permit to build its illuminated sign. The village responded by letter enumerating certain deficiencies in the application. In late November 1983, Ridge sent a letter to the

village purporting to satisfy any deficiencies in its original application. Ultimately, Ridge filed a motion to compel issuance of a building permit, and the circuit court heard arguments on whether the permit should issue.

The circuit court first dealt with the question of the sufficiency of the permit application. Some dispute was raised as to Ridge's alleged failure to comply with certain electric codes; however, the village conceded that this was a minor point. The circuit court distilled the issue before it as whether the proposed sign was in compliance with the village ordinance regulating the height of such signs.

The ordinance in effect at the time of the circuit court hearing was Ordinance No. 82—2, which provided that no ground-based sign could be erected whose overall height, including ornamental base or apron, supports and other structural members exceeded 40 feet above the level of the street upon which the sign faces, or above the adjoining ground level, if the ground level is above the street level. The question before the circuit court was whether, under this ordinance, the sign proposed by Ridge should be measured from I-294, the Illinois tollway grade, at that point a northwest and southeast expressway, or from Wolf Road, a north-south local highway passing under the tollway, east of the proposed sign. As indicated by a plat of survey, the tollway is approximately 22 feet higher in elevation than Wolf Road. If the sign were measured from that grade it would be within the 40-foot limitation; if measured from Wolf Road, it would exceed that limit. The circuit court ruled that the height limit should be measured from the tollway because it was that highway's motorists whose attention the sign was designed to attract. On December 21, 1983, the court ordered that the proposed sign be measured from the tollway.

The village filed this second appeal from that order on January 18, 1984. On January 12, 1984, however, the village had passed an amendatory ordinance (No. 84—2) which altered the scheme for measuring a sign's height, prohibiting any sign whose overall height, including ornamental base or apron, supports and other structural members, exceeds 40 feet above the lowest natural grade level immediately beneath the sign and adjoining the area upon which the support or supports are constructed. Thus, the permissible height of the sign would no longer be dependent upon its height as measured from the grade level of a traveled roadway, but by its height above the immediately surrounding grade level. Ridge's proposed sign would be approximately 63 feet above the natural grade level upon which it would rest and therefore would violate Ordinance No. 84—2.

I

The village first argues that Ordinance No. 82—2, the ordinance in effect at the time of the circuit court order, should be construed so that its 40-foot height limitation on signs is measured from any street which a sign will face. The village maintains that legislative intent evidenced by an ordinance's terminology (*City of Chicago Heights v. Old Orchard Bank & Trust Co.* (1981), 96 Ill. App. 3d 789, 422 N.E.2d 69), and the interpretation placed upon an ordinance by the body that enforces it (*First National Bank & Trust Co. v. City of Rockford* (1977), 47 Ill. App. 3d 131, 361 N.E.2d 832), are significant factors in its construction. Under these rules of construction, the ordinance term "face" should be construed to mean "to have the front toward or permit a view of." This meaning assertedly takes into account the purpose of an outdoor sign to display messages, and requires the proposed sign to be measured from Wolf Road because it would be parallel to and visible from that road.

The village also cites cases for the proposition that when a proposed structure is subject to more than one standard of limitation, the most stringent standard should control (*Paulus v. Smith* (1966), 70 Ill. App. 2d 97, 217 N.E.2d 527; *National Advertising Co. v. Department of Transportation* (1979), 149 Ga. App. 334, 254 S.E.2d 571; *Fritz v. Beem* (1945), 199 Ga. 783, 35 S.E.2d 513), in this case the height as measured from Wolf Road. The village contends that its interpretation of Ordinance No. 82—2 is reasonable in focusing on a sign's zone of visual impact and is consistent with the legislative intent to further aesthetic and safety goals, which are recognized as valid policy reasons for government regulation of outdoor signs. (*Metromedia, Inc. v. City of San Diego* (1981), 453 U.S. 490, 69 L. Ed. 2d 800, 101 S. Ct. 2882; *Village of Skokie v. Walton on Dempster, Inc.* (1983), 119 Ill. App. 3d 299, 456 N.E.2d 293.) Lastly, the village urges that the circuit court employed an unmanageable standard whereby the street from which to measure a sign's height is determined by the street which the land user claims his sign is intended to face. On these bases the village maintains that the circuit court erred in holding that Ordinance No. 82—2 required the height of the proposed sign to be measured from the tollway, and urges this court to reverse and remand this cause with instructions to order that the sign be measured from Wolf Road.

If the village's interpretation of the ordinance were accepted, a sign 40 feet above the level of Wolf Road would be only approximately 18 feet above the level of the tollway, giving rise to the result that only a portion of the sign's message would be visible to tollway traf-

fic. That the sign is intended to be viewed by tollway traffic is evidenced by Ridge's application for a State permit stating that fact. Also, the sign will be closer to the tollway than Wolf Road. Both faces of the sign are to be placed so as to be seen by oncoming tollway traffic in both directions, but only parallel to Wolf Road, which would afford a passing motorist but a passing glimpse. A sign regulatory ordinance must be construed in a manner calculated both to extend protection to moving motorists (*Paulus v. Smith* (1966), 70 Ill. App. 2d 97, 112, 217 N.E.2d 527) and to avoid more severe restrictions inconsistent with regulations set forth in the Act (Ill. Rev. Stat. 1983, ch. 121, par. 501). Because of the problem presented by the presence of Wolf Road east of the proposed sign, the interpretation of Ordinance No. 82—2 suggested by the village would functionally effectuate such a more severe restriction, since only 18 feet of the sign's vertical face would be visible to motorists on the tollway, notwithstanding the permissible 30 feet of sign height allowed by the Act. (Ill. Rev. Stat. 1983, ch. 121, par. 506.01.) We decline to place such a strained meaning on the ordinance in this physical setting.

We conclude that the circuit court did not err in holding that under Ordinance No. 82—2 the height of the proposed sign must be measured from the tollway.

II

As an alternative argument, the village asks that we take judicial notice of the 1984 amendatory ordinance and apply its standard to the proposed sign. Under the Illinois Code of Civil Procedure, circuit courts are bound to take judicial notice of municipal ordinances and appellate courts are bound to take judicial notice of that which the circuit court must judicially notice. (Ill. Rev. Stat. 1983, ch. 110, pars. 8—1001, 8—1002.) Therefore, we take judicial notice of Ordinance No. 84—2, and address the issue of whether its provision should govern the proposed sign.

The village argues that the new ordinance is controlling despite the fact that it was passed just prior to the village's second appeal to this court, maintaining that Ridge cannot rely on the continuance of the former ordinance, citing *O'Hare International Bank v. Zoning Board of Appeals* (1976), 37 Ill. App. 3d 1037, 347 N.E.2d 440 (*O'Hare*). In that case, a circuit court order directing the zoning board to issue a building permit was reversed on appeal because plaintiff's complaint was defective. The complaint was amended, and plaintiffs again obtained a judgment in their favor. On the second appeal, the appellate court held that the circuit court erred in relying on an ordi-

nance that had been repealed during the pendency of the first appeal and declared that "[a] municipality may effectively repeal an ordinance after a trial court has rendered a judgment under it and while the case is pending on appeal. The controlling provision is the newly enacted one." (37 Ill. App. 3d 1037, 1039, 347 N.E.2d 440.) The village maintains that *O'Hare* states a general rule subject only to exceptions not applicable to Ridge. We disagree.

The 1984 amendatory ordinance does not control. This court, in its first decision, explicitly found that Ridge had the right to build its sign subject to height constraints in consonance with the Advertising Control Act and the ordinance provisions previously held valid by this court, and specifically declared that the village could not amend its ordinance for the purpose of harassing Ridge, although it could regulate matters which previously it had not considered. The height limitation patently had been contemplated by the village under Ordinance No. 82—2. Once the circuit court rendered its decision, the rights of the parties were established. An amendatory ordinance such as No. 84—2 cannot alter the court order establishing those rights. (*First National Bank v. Village of Skokie* (1967), 85 Ill. App. 2d 326, 229 N.E.2d 378; *Kamysz v. Village of Wheeling* (1978), 65 Ill. App. 3d 629, 382 N.E.2d 349; see also *Fiore v. City of Highland Park* (1968), 93 Ill. App. 2d 24, 33, 235 N.E.2d 23, *cert. denied* (1969), 393 U.S. 1084, 21 L.Ed. 2d 776, 89 S. Ct. 867.) In *O'Hare,* relied on by the village, the court was not faced with the question, as here, of whether the municipality could frustrate and void its opinion and mandate by rezoning after judgment favorable to plaintiff, the builder. (See *Kamysz v. Village of Wheeling* (1978), 65 Ill. App. 3d 629, 640-41, 382 N.E.2d 349.) In the case at bar, we affirmed the circuit court's original finding of a right in Ridge to build its sign subject to height constraints in consonance with the Advertising Control Act and the ordinance provisions previously held valid by this court; therefore, the proposed sign need not be evaluated by the standard set out in Ordinance No. 84—2.

For the foregoing reasons, we affirm and remand with instructions to proceed consistent with the opinion herein expressed.

Affirmed and remanded.

STAMOS and DOWNING,* JJ., concur.

---

*Justice Downing participated in the decision of the above-captioned case before the expiration of his term in office.