ANTHONY DeSENO, Plaintiff-Appellant, v. ALVIN BECKER, Defendant-Appellee.

First District (1st Division)    No. 1—95—0672

Opinion filed July 7, 1997.

Serpico, Novelle & Navigato, Ltd., of Chicago (Kevin J. O'Shea, of counsel), for appellant.

Querry & Harrow, Ltd., of Chicago (Michael S. Loeffler, Andrew S. Nadolna, and Michael Resis, of counsel), for appellee.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Anthony DeSeno, appeals from the trial court's entry of summary judgment in favor of defendant, Alvin Becker, an Illinois attorney, on the issue of legal malpractice. We affirm.

On February 14, 1985, the Chicago police superintendent filed charges against DeSeno before the police board of the City of Chicago (Board). DeSeno was accused of violating departmental rules. Following a three-day hearing, the Board found DeSeno guilty of all charges and ordered him discharged from the police force.

Becker timely filed a complaint on behalf of DeSeno for administrative review of the Board's decision. The complaint named only the Board as defendant. On March 17, 1987, it was dismissed for want of prosecution.

DeSeno then retained another attorney who refiled a complaint for administrative review. On January 27, 1989, the circuit court found the Board's order was against the manifest weight of the evidence and ordered the cause remanded for rehearing and for a sanction of less than discharge. On May 18, 1989, the Board reconsidered the charges, found DeSeno guilty of minor departmental rules violations, and suspended him from the police force for one year.

The superintendent of police then timely filed a complaint for administrative review of the Board's new findings. The circuit court affirmed DeSeno's suspension.

The superintendent of police appealed to the appellate court seeking reversal of the circuit court's decision. He argued that DeSeno was barred from seeking any administrative review because his original complaint had failed to name and serve summons upon all the necessary parties within the 35-day limitations period set forth in the Illinois Administrative Review Law. Ill. Rev. Stat. 1985, ch. 110, pars. 3—103, 3—107. More specifically, the superintendent argued that DeSeno's first petition in the case was fatally defective because it failed to name and serve summons upon him. The appellate court agreed with the superintendent and reversed the circuit court decision. Consequently, DeSeno's one-year suspension was reversed, and the Board's original discharge decision was reinstated.

DeSeno then filed the instant action for legal malpractice against Becker. DeSeno alleged that Becker's failure to name the superintendent of police as a party defendant in the original complaint for administrative review violated the then-existing applicable standard of care of a reasonably competent attorney. DeSeno further alleged that, due to Becker's purported negligence, he was discharged rather than suspended from the police force. Becker filed a motion for summary judgment, contending that he breached no duty to DeSeno

because the superintendent of police was not a necessary party at the time he filed the original administrative review complaint on his behalf. The trial court granted Becker's motion for summary judgment and denied DeSeno's subsequent motion to reconsider. From these orders DeSeno appeals.

■ Summary judgment is proper only where there are no issues of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1992). We review the matter *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

■ At the time of the disputed representation, the pertinent section of the Administrative Review Law provided:

> "Defendants. In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants."

Ill. Rev. Stat. 1985, ch. 110, par. 3—107.
The complaint had to be filed and summons issued within 35 days from the date that a copy of the decision to be reviewed was received by the party affected thereby. Ill. Rev. Stat. 1985, ch. 110, par. 3—103. We begin our analysis with a review of cases interpreting these sections of the Administrative Review Law.

In *Winston v. Zoning Board of Appeals*, 407 Ill. 588, 95 N.E.2d 864 (1950), the plaintiff filed an action seeking review of a decision of the zoning board. The complaint named the zoning board but not its individual members as defendants. The complaint was dismissed. The Illinois Supreme Court affirmed the dismissal, stating that the complaint was "fatally defective in failing to include as defendants all persons other than the plaintiffs who were parties of record to the administrative proceeding." 407 Ill. at 596. However, the subsequent case of *Massoud v. Board of Education of Valley View Community District No. 365-U*, 97 Ill. App. 3d 65, 422 N.E.2d 236 (1981), limited the application of *Winston* to cases where the defects were timely pointed out and the plaintiff made no attempt to amend. In *Massoud*, a discharged teacher filed a complaint for administrative review against the local board of education but failed to name either the hearing officer or the State Board of Education as a defendant. There, as here, the issue was not raised until appeal. The *Massoud* court did not dismiss the complaint but, rather, ordered the amendment allowed.

In *O'Hare International Bank v. Zoning Board of Appeals*, 8 Ill. App. 3d 764, 291 N.E.2d 349 (1972), *appeal denied*, 53 Ill. 2d 606 (1973), we held the review of a zoning decision was properly dismissed

because certain parties to the zoning administrator's decision were not named. The absent parties, being neighboring landowners, had a keen interest in the outcome of the controversy. However, within one year after the decision, the plaintiff filed a second complaint naming these individuals as defendants. The defendants moved to dismiss, arguing that plaintiff had no right to name additional parties at such a late date. On appeal for the second time, this court held that the plaintiffs had the right to name additional parties by amendment even after the expiration of the 35-day period for filing a complaint and issuing summons under the Administrative Review Act. *O'Hare International Bank v. Zoning Board of Appeals*, 37 Ill. App. 3d 1037, 347 N.E.2d 440 (1976).

Meanwhile, in *Rizzo v. Board of Fire & Police Commissioners*, 11 Ill. App. 3d 460, 297 N.E.2d 247 (1973), we held that the person bringing charges against a police officer was not a necessary party to any action challenging a decision of a police board. Rather, we held the board and its members were the *only* proper defendants in such an action. 11 Ill. App. 3d at 465, 297 N.E.2d at 250. We reiterated this position in *Schoenbeck v. Board of Fire & Police Commissioners*, 69 Ill. App. 3d 366, 387 N.E.2d 738 (1979).

In *Schoenbeck*, a police officer filed a complaint seeking administrative review of a decision of the board of fire and police commissioners discharging him from the police department. The circuit court reversed the board's decision. On appeal, the board argued that plaintiff's complaint was fatally defective because it failed to name the chief of police, the person who brought the charges against plaintiff, as a party defendant. Although we recognized that the requirements of the Administrative Review Act were mandatory (*Winston v. Zoning Board of Appeals*, 407 Ill. 588, 95 N.E.2d 864 (1950)), we disagreed with the board's analysis of its application under the circumstances presented. We reasoned that the legislature intended to protect those potential parties with independent interests in the outcome of the dispute from being deprived of their right to have input into the decision. We distinguished the independent interest of neighboring landowners in a zoning board suit from a police chief's professional interest in a police board suit. Whereas the interests of neighboring landowners might have differed from those of the zoning board, the interest of the police chief was identical to the interests of the police board. *Schoenbeck*, 69 Ill. App. 3d at 371-72, 387 N.E.2d at 742-43. Accordingly, we held that it was not necessary to name the police chief as a defendant in a complaint for administrative review of a police board decision. 69 Ill. App. 3d at 372, 387 N.E.2d at 743.

As in *Schoenbeck*, the plaintiff in *Lockett v. Chicago Police Board*, 176 Ill. App. 3d 792, 31 N.E.2d 837 (1988) (hereinafter *Lockett I*), was a police officer seeking administrative review of a decision of the board of fire and police. Relying upon that case, the circuit court judge had declared: "the law in the First District under *Schoenbeck* was clear and explicit on the same identical facts as we have here, that an attorney did not have to name the police chief or the police superintendent." After quoting at length from *Schoenbeck*, we agreed with the circuit court, stating:

"[W]e are not aware of any case which holds that in an administrative review of a decision to discharge or otherwise discipline a police officer, the person filing the charges must be named as a party defendant under the Administrative Review Law." 176 Ill. App. 3d at 794.

Accordingly, we held that the superintendent of police was not a necessary party when the police board was named as a defendant.

Our decision in *Locket I* was overturned by the Illinois Supreme Court in *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 549 N.E.2d 1266 (1990) (hereinafter *Lockett II*). In *Lockett II* the Illinois Supreme Court held that failure to name the police commissioner as a defendant in a complaint for administrative review of a Board decision rendered the complaint fatally defective. *Lockett II*, 133 Ill. 2d at 354, 549 N.E.2d at 1268.

The decision in *Locket II* was applied retroactively by this court in *Marozas v. Board of Fire & Police Commissioners*, 222 Ill. App. 3d 781, 584 N.E.2d 402 (1991). At issue in the *Marozas* appeal was whether the trial court erred in dismissing count I of plaintiff's complaint for administrative review of his discharge from the police force of the City of Burbank for failure to name the chief of police. This court reasoned:

"The *Lockett* decision does not establish a new principle of law since the plain language of the Administrative Review Act requires naming all parties of record at the administrative hearing as party defendants. Judicial interpretation of a statute does not necessarily constitute a change in law. [Citation.] When interpreting statutes, the statute does not mean one thing prior to a judicial interpretation and another afterwards. [Citation.] Where judicial interpretation of a statue is a commonsense construction based on the clear wording of the statute, it does not have to be applied only prospectively. [Citation.]" 222 Ill. App. 3d at 788, 584 N.E.2d at 407.

Accordingly, we found that the plaintiff's failure to name the chief of police as a defendant required that the dismissal of his complaint for administrative review be affirmed.

On appeal, DeSeno argues that because the rule enunciated by the Illinois Supreme Court in *Lockett II* was held to apply retroactively by *Marozas*, Becker's professional conduct should be judged according to *Lockett II*. Becker, on the other hand, argues that his professional conduct should be judged according to the rule enunciated by *Rizzo* and reaffirmed in *Schoenbeck*, the controlling cases at the time he filed DeSeno's complaint for administrative review.

Unfortunately, all of the above cases resulted from direct appeals of rulings on complaints for administrative review, rather than collateral suits alleging legal malpractice as here. The distinction makes a difference. In direct appeals from administrative rulings, the *Lockett II* decision affects only procedural aspects of the case, namely, who must be listed as a defendant in a complaint for administrative review. In collateral suits alleging legal malpractice, however, the *Lockett II* decision effects a substantive change in the elements to be pleaded (and proved) in order to make the attorney liable for malpractice, namely, the attorney's professional obligation to his or her client. See *Harraz v. Snyder*, 283 Ill. App. 3d 254, 260-61, 669 N.E.2d 911, 915 (1996) (when obligations and liabilities between parties are modified, substantive change in law occurs). Accordingly, we find that the *Marozas* decision, which held that the *Lockett II* decision applied retroactively, is not binding authority in this case (*Orlicki v. McCarthy*, 4 Ill. 2d 342, 122 N.E.2d 513 (1954); *Moshe v. Anchor Organization for Health Maintenance*, 199 Ill. App. 3d 585, 557 N.E.2d 451 (1990) (generally, procedural rules are applied retroactively whereas substantive rules are not); *People v. Ridens*, 59 Ill. 2d 362, 380-81, 321 N.E.2d 264, 273-74 (1974) (retroactive application of state-court construction of a criminal statute deprives accused of fair warning that contemplated conduct constitutes a crime)), and look instead to attorney malpractice and disciplinary cases for guidance in our decision.

In *Brainerd v. Beal*, 498 F.2d 901 (7th Cir. 1974), the plaintiff filed an action in the United States District Court for the Northern District of Illinois against Warren W. Beal and Robert O. Dunn. Thereafter, Brainerd retained attorney Richard M. Kates to file an amended complaint. The court dismissed the amended complaint on January 30, 1973. The court clerk docketed the decision on February 1, 1973. Kates filed a notice of appeal on March 2, 1973. The United States Court of Appeals dismissed the appeal for lack of jurisdiction on grounds "the notice of appeal was not timely filed." See *Brainerd v. Beal*, 498 F.2d at 902. Brainerd then sued Kates for professional malpractice alleging Kates had failed to file a notice of appeal within 30 days of judgment as required by Rule 4(a) of the Federal Rules of

Appellate Procedure for United States Courts of Appeals. The trial court granted summary judgment for Kates and dismissed the cause with prejudice. Brainerd appealed. *Brainerd v. Kates*, 68 Ill. App. 3d 781, 386 N.E.2d 586 (1979). On appeal, we stated:

"[I]n determining whether [Kates] was or was not negligent it is necessary to judge his conduct by the factual situation which existed during the months of February and March of 1973 when the notice of appeal was actually filed; about 1 year prior to the decision in *Brainerd [v. Beal]*. We cannot say, without prophetic knowledge, that the conduct of the defendant at that time constituted legal malpractice as a matter of law.

***[P]rior to the existence of the decision in *Brainerd [v. Beal]*, an attorney exercising a reasonable degree of care and skill might well have concluded that the time for filing the notice of appeal commenced to run from the date of [the] entry of the judgment order on the docket of the clerk. *** In a situation of this type, far from demonstrating negligence as a matter of law, the record shows the need for expert testimony in determining whether or not defendant in the case at bar had exercised a reasonable degree of care and skill with due regard to the distinction between errors of negligence and of mistaken legal judgment. 'Duty is imposed not on the mere possibility of occurrence, but on what the reasonably prudent man would then have foreseen as likely to happen.' [Citation.]" 68 Ill. App. 3d at 786, 386 N.E.2d at 590.

In *Brainerd v. Beal*, the underlying case, the applicable rule of procedure was not amended or altered—the court merely clarified its application. Yet we declined to apply that clarification retroactively in *Brainerd v. Kates*, the collateral case alleging attorney malpractice, absent expert testimony that it had been required by the accepted standard of care and skill at the time of Kates' alleged malpractice.

In *Garrett v. Lawyers, Inc.*, 273 Ill. App. 3d 545, 653 N.E.2d 48 (1995), the plaintiff filed a malpractice claim alleging defendants had failed to timely file his cause of action. At issue was whether a two-year or a four-year statute of limitations applied to the underlying personal injury claim. After Garrett's personal injury claim was dismissed as untimely, the apparent conflict was resolved by *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 595 N.E.2d 561 (1992), in favor of the four-year limitations period. The plaintiff nevertheless asserted on appeal that, at the time of the alleged malpractice, there was a "long accepted notion" that the two-year limitations period applied. The plaintiff further argued that to condone the defendant's failure to file within that time period would be to apply the *Hernon* ruling retroactively. We rejected the plaintiff's argument

and dismissed the malpractice claim on grounds the *Hernon* ruling had made no references to any "long accepted notion" but, rather, had utilized general rules of statutory construction to determine that the four-year limitations period applied. 273 Ill. App. 3d at 548, 653 N.E.2d at 50. Here, in contrast, there was more than a "long accepted notion" that the police commissioner need not be named as a defendant, there was binding precedent to that effect.

In *People v. Maury*, 287 Ill. App. 3d 77 (1997), this court rejected a criminal defendant's contention that he was denied effective assistance of counsel when his trial counsel failed to argue that the prosecution of his case was a violation of the fifth and fourteenth amendments' prohibition of double jeopardy (see U.S. Const., amends. V, XIV) due to an earlier civil forfeiture proceeding brought against defendant. In support of his argument, Maury had cited to *In re P.S.*, 169 Ill. 2d 260 (1996), wherein the Supreme Court of Illinois found that a civil forfeiture action separate from the criminal proceeding could constitute double jeopardy. The *Maury* court reasoned that because *P.S.* was decided over a year after defendant entered his guilty plea and because, at the time of defendant's conviction, *People v. 1988 Mercury Cougar*, 154 Ill. 2d 27 (1992), a case contradicted and overruled by *P.S.*, was still the leading Illinois decision in this area, defendants argument was "absurd." 287 Ill. App. 3d at 84.

The Illinois Supreme Court's opinion in the attorney disciplinary case *In re Corboy*, 124 Ill. 2d 29 (1988), is also instructive. See *Rogers v. Robson, Masters, Ryan, Brumund & Belom*, 74 Ill. App. 3d 467, 472-73, 392 N.E.2d 1365, 1371 (1979), *aff'd*, 81 Ill. 2d 201, 407 N.E.2d 47 (1980) (there are obvious similarities between the propriety of imposing malpractice liability and disciplinary sanctions). *Corboy* arose under the Code of Professional Responsibility. At issue in *Corboy* was whether certain attorneys had given or loaned a "thing of value" to a judge in violation of Rule 7—110(a). 107 Ill. 2d R. 7—110(a). At the time of the attorney's alleged misconduct, Rule 7—110(a) was part of Canon 7 of the Code of Professional Responsibility and provided:

> "A lawyer shall not give or lend any thing of value to a judge, official, or employee of a tribunal, except that a lawyer may make a contribution to the campaign fund of a candidate for such office." 107 Ill. 2d R. 7—110(a).

In analyzing the situation, the Illinois Supreme Court held for the first time that Rule 7—110(a) was to be read in conjunction with

Rule 65(C)(4)[1] of the Code of Judicial Conduct (107 Ill. 2d R. 65(C)(4)), and concluded that the attorneys' actions violated Rule 7—110(a). It nevertheless declined to impose sanctions, noting that the attorneys had "acted without the guidance of precedent or settled opinion, and there was, apparently, considerable belief among members of the bar that they had acted properly." *Corboy*, 124 Ill. 2d at 45. Under such circumstances, the *Corboy* court reasoned it would be "unfair" to apply a limitation just announced to the attorneys' conduct seven years earlier. 124 Ill. 2d at 45. Accord *In re Jones*, 125 Ill. 2d 371, 534 N.E.2d 239 (1988). *Cf. In re Alexander*, 146 Ill. 2d 83, 585 N.E.2d 70 (1991) (collecting cases resulting in sanctions); *In re Rinella*, 175 Ill. 2d 504 (1997) (attorney's sexual relations with client sanctionable because no member of the bar could reasonably have considered such conduct to be acceptable though it was not specifically proscribed by rules governing the legal profession).

Here, too, the language of the statute remained unchanged, but the court's interpretation of the actions required by it clearly did. When the rules of action prescribed by a controlling authority change, an attorney's conduct is to be viewed according to the state of the law during the period of the disputed representation. *Strickland v. Washington*, 466 U.S. 668, 690, 80 L. Ed. 2d 674, 695, 104 S. Ct. 2052, 2066 (1984); *Land v. Auler*, 186 Ill. App. 3d 382, 542 N.E.2d 509 (1989). Applying the *Strickland* rule and the reasoning of *Brainerd v. Kates*, *People v. Maury*, and *In re Corboy* to the instant facts, we find that, based upon the precedent and settled opinion of this court enunciated in *Rizzo* and reaffirmed in *Schoenbeck*, an attorney exercising a reasonable degree of care and skill would have been warranted in his or her belief that the police commissioner was not a necessary party to DeSeno's complaint for administrative review.

DeSeno nevertheless contends that, where case law conflicts with the language of the statute, an attorney has the duty to err on the side of caution in order to protect the interests of his or her client and failure to do so constitutes legal malpractice. More specifically, DeSeno argues that *Schoenbeck* conflicted with the language of the

---

[1]The rule actually in effect at the time of the alleged violation was Rule 61(c)(22), which provided: "A judge should not accept gifts or favors from litigants, lawyers practicing before him, or others whose causes are likely to be submitted to him for judgment." 87 Ill. 2d R. 61(c)(22). However, because the committee commentary to Rule 65(C)(4) made it clear that the new rule retained the "requirements" of former Rule 61(c)(22), the supreme court looked to its "refined successor" to flesh out the scope of Rule 7—110(a). *Corboy*, 124 Ill. 2d at 42, 528 N.E.2d at 699.

Administrative Review Law that requires "all persons \*\*\* who were parties of record to the proceedings" to be named as defendants (Ill. Rev. Stat. 1985, ch. 110, par. 3—107), as well as the holdings in *Winston v. Zoning Board of Appeals*, 407 Ill. 588, 95 N.E.2d 864 (1950), and *O'Hare International Bank v. Zoning Board of Appeals*, 8 Ill. App. 3d 764, 347 N.E.2d 440 (1972). DeSeno therefore contends Becker had the duty to err on the side of caution and name the police commissioner in his complaint for administrative review, even though case law clearly indicated it was superfluous, and that his failure to do so constituted legal malpractice.

DeSeno's argument fails because law, in its generic sense, is a body of rules of action or conduct prescribed by controlling authority and having binding legal force. *United States Fidelity & Guaranty Co. v. Guenther*, 281 U.S. 34, 74 L. Ed. 683, 50 S. Ct. 165 (1930). In Illinois, appellate court cases are controlling authority on the interpretation of a statute unless and until overturned. *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 539, 605 N.E.2d 539 (1992). Hence there can be no conflict between a statute and the judicial interpretation thereof. The two sources of law are effectively merged because the judiciary merely elucidates statutory law for the benefit of attorneys and litigants.

Even assuming the existence of a conflict such that it was necessary for Becker to err on the side of caution and name the police commissioner as a defendant in DeSeno's complaint, the Administrative Review Law as interpreted by cases such as *Dendor v. Board of Fire & Police Commissioners*, 11 Ill. App. 3d 582, 297 N.E.2d 316 (1973), and *O'Hare International Bank v. Zoning Board of Appeals*, 37 Ill. App. 3d 1037, 347 N.E.2d 440 (1976), permitted amendments after the 35-day appeals period for the purpose of adding defendants.

Because we find that Becker's professional conduct should be judged according to the controlling cases at the time he filed DeSeno's complaint for administrative review, we affirm the trial court's dismissal of DeSeno's complaint against Becker alleging legal malpractice.

Affirmed.

CAHILL and THEIS, JJ., concur.