EARL McGEE, Plaintiff-Appellant, v. WARREN DANZ, Defendant-Appellee.

Fourth District   No. 4—93—0873

Argued March 23, 1994.—Opinion filed May 5, 1994.

Charles H. Delano IV (argued), of Delano Law Offices, P.C., of Springfield, for appellant.

David B. Mueller (argued), of Cassidy & Mueller, of Peoria, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

Plaintiff, Earl McGee, appeals from a summary judgment entered in favor of defendant, attorney Warren Danz, in a legal malpractice action based upon defendant's alleged failure to commence litigation within the appropriate statutory period. The parties agree that if a four-year statute of limitations (Ill. Rev. Stat. 1991, ch. 110, par. 13—214(a)) applies, the trial court properly granted summary judgment.

We affirm.

## I. BACKGROUND

On December 23, 1985, plaintiff was injured while working on a remodeling project of a residence owned by Michael Scully, the owner of Ractain Construction Company, the contractor on the project and plaintiff's employer. Plaintiff hired defendant to represent him for claims arising out of this incident. Defendant filed a workers' compensation claim against Scully on behalf of plaintiff but failed to pursue a third-party claim against L.D. Electric, a subcontractor on the project. Sometime between March and December 1989, the parties ended their attorney-client relationship.

Plaintiff hired new counsel and filed a legal malpractice claim against defendant on December 13, 1989, alleging that defendant failed to file a cause of action against responsible third parties within the two-year statute of limitations provided for actions based on personal injuries under section 13—202 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 13—202). Defendant's motion for summary judgment alleged that as a matter of law he could not be negligent for failing to file a third-party claim on behalf of plaintiff because the applicable statute of limitations in this case was section 13—214(a) of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 13—214(a)), not section 13—202 of the Code. As a result, defendant points out that the statute of limitations under section 13—214(a) of the Code did not expire until December 23, 1989, when defendant no longer represented plaintiff. Thus, the parties are in somewhat anomalous positions before this court—plaintiff urges the application of the two-year statute of limitations (section 13—202 of the Code) to the cause of action underlying his legal malpractice claim, while defendant urges the application of the four-year statute of limitations (section 13—214(a) of the Code).

In his deposition, plaintiff stated that on the date of his injury, he was working on a project remodeling a house owned by Scully. He was directed to the basement of the house to install a support beam

in order to shore up the main floor. The only illumination in the basement was temporary lighting installed by L.D. Electric, which had been working at the project site since September 1985. Plaintiff stood on a bucket and used a hammer to knock out a two by four that ran between the floor joists. While bracing himself against an iron sewer pipe, he grabbed a metal rod extending from the two by four and received a severe electric shock from contact of the temporary wiring with the rod. Plaintiff testified that in addition to the temporary wiring, L.D. Electric had run conduit and wiring to the receptacles upstairs for new construction, removed the old fuse box and installed a new circuit breaker, and run wire from the new breaker box out to the "mixer" across the street. Prior to his injury, plaintiff had done some plastering on the main floor, built a fence, and laid a retaining wall on the exterior of the property.

In his deposition, Scully indicated that he had plumbing and heating subcontractors working on the remodeling project. This work required "some demolition and reorganizing of the interior of the house ***. And all of the mechanical aspects of the house were to be brought up to code." Nanchen Scully, Michael Scully's wife and the other owner of the property, filed an affidavit stating that a program of replacement and repair to the premises was ongoing at the time of plaintiff's injury. The temporary wiring installed in the basement was not intended to be permanent and was installed to enable the workers to see. She stated that the program of replacement and repair did not include structural changes or additions to the property.

## II. ANALYSIS

In granting defendant's motion for summary judgment, the trial court relied on *Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 595 N.E.2d 561, concluding that plaintiff's injury occurred in a "construction-related event." The court made this determination based upon the nature of the entire project rather than the conduct of any individual subcontractor. Accordingly, the court ruled that the four-year statute of limitations of section 13—214(a) of the Code applied.

Plaintiff argues that neither the remodeling project in its entirety nor the work specifically performed by L.D. Electric constitutes anything more than replacement or repair, which the four-year statute of limitations of section 13—214(a) of the Code does not encompass. Defendant contends plaintiff's action was based on injuries he sustained while working on construction of an improvement to real property; thus, the provisions of the four-year statute of limitations apply to the underlying cause of action.

Section 13—214(a) of the Code, the "construction limitations statute," provides as follows:

"Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." Ill. Rev. Stat. 1991, ch. 110, par. 13—214(a).

In *Hernon*, the supreme court addressed the certified question of whether an action for bodily injury, based on an occurrence under section 13—214(a) of the Code, was barred by section 13—202 of the Code (two-year limitation on actions for personal injuries) if not filed within two years of the date of injury. (*Hernon*, 149 Ill. 2d at 192, 595 N.E.2d at 561.) The plaintiff in *Hernon* had sustained injuries when he fell from a roof at a construction site. The supreme court concluded as follows:

"After a cursory review of the limitations statutes involved in this appeal, it is apparent that a persuasive argument could be made that either statute could apply to the plaintiff's cause. Whereas section 13—202 applies to '[a]ctions for damages for an injury to the person,' section 13—214(a) applies to '[a]ctions based upon tort.' Plaintiff's cause of action for injuries he sustained *while working at a construction site* could fall neatly under either statute of limitations. However, based upon our general rules of statutory construction, our appellate court's interpretation of the repose portion of section 13—214, and the legislative history of section 13—214, we agree with the plaintiff that section 13—214(a) governs his cause." (Emphasis added.) *Hernon*, 149 Ill. 2d at 194, 595 N.E.2d at 562.

Plaintiff contends that the *Hernon* court assumed, without deciding, that the facts underlying the cause of action necessarily fell within the bounds of section 13—214(a) of the Code—namely, that defendant's acts arose from "the design, planning, supervision, observation or management of construction, or construction of an improvement to real property." (Ill. Rev. Stat. 1991, ch. 110, par. 13—214(a).) At oral argument in this case, plaintiff asserted that the temporary wiring installed by L.D. Electric could not constitute "construction of an improvement" even if other aspects of the remodeling project are deemed to fall within the meaning of the statute.

■ An "improvement" is "an addition to real property amounting to more than a mere repair or replacement, and which substantially

enhances the value of the property. [Citations.] Improvements include buildings and substantial additions or changes to existing buildings." (*Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 613, 483 N.E.2d 613, 616.) In *St. Louis v. Rockwell Graphic Systems, Inc.* (1992), 153 Ill. 2d 1, 4-5, 605 N.E.2d 555, 556, the supreme court addressed whether a product incorporated into new construction constituted an improvement and listed four factors for determining whether an improvement was constructed within the meaning of section 13—214(a) of the Code: (1) whether the addition was meant to be permanent or temporary; (2) whether it became an integral component of the overall system; (3) whether the value of the property was increased; and (4) whether the use of the property was enhanced.

■ We do not agree with plaintiff's view of the remodeling project as one of repair and replacement, the characterization given by Nanchen Scully. The record indicates extensive demolition and renovation involving the electrical, plumbing, and heating systems, as well as plastering work and the erection of retaining walls, all of which had been ongoing for at least three months prior to plaintiff's injury. The nature and scope of the work suggests a permanent rehabilitation of the realty which enhanced its value and life span, rather than mere incidental repairs which accomplish neither. Under these circumstances, we hold that plaintiff sustained his injuries "while working at a construction site" and, accordingly, that the four-year limitation period of section 13—214(a) of the Code governs his cause of action. See *Hernon,* 149 Ill. 2d at 194, 595 N.E.2d at 562.

Plaintiff argues that even if the project comes within section 13—214(a) of the Code, the temporary wiring installed by L.D. Electric does not constitute "construction of an improvement," and fails to meet the *St. Louis* test of permanency. Plaintiff therefore asks this court to find that dual statutes of limitation apply to construction-related injuries dependent upon the type and amount of work a contractor or subcontractor performs at a construction site. Even if we ignored evidence of L.D. Electric's extensive electrical work on the premises, we would still conclude the limitations period of section 13—214(a) of the Code applies to plaintiff's cause of action. The temporary lighting installed in the basement was clearly incidental to, and an essential part of, renovation of the premises. Moreover, if we concluded that the temporary nature of a subcontractor's work at a construction site exempted it from the time limitations of section 13—214(a) of the Code, we would necessarily be excluding actions brought pursuant to the Illinois Structural Work Act, involving scaffolds, hoists, cranes, stays, ladders, or supports (see Ill. Rev. Stat.

1991, ch. 48, par. 59.90 *et seq.*), the exact basis for the cause of action at issue in *Hernon*. We see no rational basis for imposing this artificial distinction and decline to do so.

Summary judgment is appropriate only when the pleadings, depositions, and admissions, together with any affidavits, show there is no genuine issue as to a material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005.) Because no genuine issue of fact exists that plaintiff discharged defendant prior to the running of the four-year statute of limitations under section 13—214(a) of the Code, as a matter of law defendant cannot be liable for legal malpractice for failing to file a claim against third parties prior to December 23, 1989, the date the statute of limitations expired in this case.

## III. CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

COOK and GREEN, JJ., concur.