TERRY LEE GARRETT *et al.*, Plaintiffs-Appellees, v. LAWYERS INCORPORATED *et al.*, Defendants-Appellants.

First District (4th Division)   No. 1—94—0403

Opinion filed June 29, 1995.

Peter A. Monahan, Anne M. Oldenburg, and Scott J. Brown, all of Alholm & Monahan, of Chicago, for appellants.

Craig S. Mielke and Thomas U. Hipp, both of Murphy, Hupp, Foote, Mielke & Kinnally, of Chicago, for appellees.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiffs sued defendants for legal malpractice alleging that they had failed to file a lawsuit before the statute of limitations had run. The trial court denied defendants' motion to dismiss, but certified a question for interlocutory appeal under Supreme Court Rule 308 (134 Ill. 2d R. 308). We reverse.

The question is phrased in such a way that we are asked to address the impact of our supreme court's decision in *Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 595 N.E.2d 561. Plaintiffs' complaint, though alleging a violation of the Structural Work Act (Ill. Rev. Stat. 1991, ch. 48, par. 60 *et seq.*), assumes that the two-year statute of limitations for personal injuries set out in section 13—202 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 13—202) applies. *Hernon,* decided after the complaint was filed in this case, held that the four-year statute of limitations set out in section 13—214 of the Code governed actions under the Structural Work Act. *Hernon,* 149 Ill. 2d 190, 595 N.E.2d 561.

At the time *Hernon* was decided and at the time the alleged malpractice in this case happened, section 13—202 (Ill. Rev. Stat. 1991, ch. 110, par. 13—202) and section 13—214 (Ill. Rev. Stat. 1991, ch. 110, par. 13—214) were both in effect. Until 1985, both sections set out a two-year statute of limitations. But, in September of 1985 section 13—214, applicable to construction accidents, was lengthened to four years.

The thrust of plaintiffs' argument is that after 1985, and before

*Hernon,* the legal community "historically relied" on a two-year statute of limitations and the defendants' failure to do so amounts to malpractice. We disagree and reverse.

Terry Lee Garrett was injured while working at a construction site on August 17, 1987. Plaintiffs hired defendants to represent them. The plaintiffs later discharged the defendant attorneys more than two years, but less than four years, after the accident. Defendants had never filed suit on behalf of the plaintiffs.

The plaintiffs then hired a second attorney. On April 1, 1991, plaintiffs, through their second attorney, filed an eight-count complaint. Count IV alleged legal malpractice against the defendants for failing to file suit before the two-year statute of limitations under section 13—202 expired. The remaining counts named Weiland Properties, Inc., Habco Development Co., Inc., De Graf Brothers, Inc., and A. C. Alexander, LTD. (the Structural Work Act defendants), as defendants and alleged a violation of the Structural Work Act (Ill. Rev. Stat. 1991, ch. 48, par. 60 *et seq.*).

The Structural Work Act defendants moved to dismiss under section 2—619(a)(5) of the Code of Civil Procedure. They argued that the two-year statute of limitations under section 13—202 of the Code barred plaintiffs' suit as to them. The court agreed and granted a motion to dismiss the Structural Work Act defendants. Plaintiffs did not appeal this order.

Plaintiffs then filed an amended complaint on December 2, 1992, directed only at their former attorneys. The complaint alleged that defendants were hired to represent plaintiffs before the two-year statute of limitations had run, were not discharged until after the statute had expired, and that the defendants did not file a suit within that two-year period.

Defendants filed a motion to dismiss under sections 2—615 and 2—619 of the Code on January 21, 1993. Defendants argued in their section 2—619 motion that time remained to file suit under the four-year statute of limitations after they were discharged.

While this matter was pending, plaintiffs filed a petition under section 2—1401 for relief from the earlier dismissal of the Structural Work Act defendants from their original complaint. The petition was filed before the same judge considering the amended complaint. Plaintiffs cited the recently decided *Hernon* case in support of their petition that the four-year statute of limitations should have applied to their original complaint. The Structural Work Act defendants responded with a motion to dismiss the petition. After a hearing, the court denied plaintiffs' motion for relief under section 2—1401. Plaintiffs did not appeal this order.

The court then went on to deny the defendant attorneys' motions to dismiss the remaining malpractice count against them. The defendant attorneys filed a motion to reconsider. The court denied that motion and the defendant attorneys filed this interlocutory appeal after the trial court certified a question under Supreme Court Rule 308.

Plaintiffs argue that during the time defendants represented them, and before *Hernon* was decided, from about January 14, 1988, to sometime before April 1, 1991, a two-year statute of limitations applied to claims for personal injury at a construction site. Plaintiffs cite no appellate court authority in support, but rely on an Illinois Bar Journal article: Gleason, *Illinois Expanded Statute of Limitations for Injured Construction Workers*, 82 Ill. B.J. 252 (1994). There the author wrote: "[p]arties involved in construction related tort actions have historically relied upon the two-year limitations period set forth in section 13—202 of the Illinois Code of Civil Procedure."

■ Plaintiffs argue that defendants were required to abide by this historical reliance on a two-year statute of limitations. They argue that the decision in *Hernon* rejected a "long accepted notion" that the two-year personal injury statute of limitations applies to construction-related accidents. The supreme court, however, made no references to "long accepted notions" in *Hernon*. The supreme court held that the four-year statute of limitations under section 13—214(a) governed negligence and Structural Work Act claims for personal injuries sustained by a worker at a construction site.

The court was well aware of section 13—202 and noted that personal injuries at construction sites "could fall neatly under either statute of limitations." (*Hernon*, 149 Ill. 2d at 194, 595 N.E.2d at 562.) But, the court concluded: "based upon our general rules of statutory construction, our appellate court's interpretation of the repose portion of section 13—214, and the legislative history of section 13—214, we agree with the plaintiff that section 13—214(a) governs his cause." (*Hernon*, 149 Ill. 2d at 194, 595 N.E.2d at 562.) The court held that although the claim could fit into either section 13—202 or 13—214 "[w]here there are two statutory provisions, one which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail." *Hernon*, 149 Ill. 2d at 195, 595 N.E.2d at 563.

Plaintiffs argue that to apply *Hernon* to the case before us amounts to a retroactive application. We disagree. The retroactive argument rests on an assumption that *Hernon* changed existing law. *It did not.* It simply clarified any doubt that might have existed about the application of two different statutes of limitations, both of which were law at the time *Hernon* was decided.

Plaintiffs cite *Brainerd v. Kates* (1979), 68 Ill. App. 3d 781, 386 N.E.2d 586, and *Land v. Auler* (1989), 186 Ill. App. 3d 382, 542 N.E.2d 509, in support of their contention. *Brainerd* involved a review of a customary practice where there was no underlying statute to guide the court. Here, the plaintiffs suggest that an attorney's standard of care be measured by what they allege was a customary practice to abide by a two-year statute of limitations when there existed a statute that provided for a four-year limitations period. It is a curious argument, for it would charge a lawyer with malpractice for relying on the plain language of a statute.

The plaintiffs also cite *Land v. Auler*. That case is only relevant if we were required to read a retroactive application into *Hernon* to decide the case before us in favor of defendants. No such reading is necessary.

The court in *McGee v. Danz* (1994), 261 Ill. App. 3d 232, 633 N.E.2d 234, addressed a question similar to the question presented here. In *McGee* the plaintiff was injured at a remodeling project on December 23, 1985. Plaintiff hired defendant to represent him in a claim arising out of the incident. Defendant was discharged between March and December of 1989. On December 13, 1989, plaintiff filed suit for legal malpractice alleging failure to bring suit within the two-year statute of limitations under section 13—202. Defendant filed a motion for summary judgment which alleged that when the suit was filed the four-year statute of limitations under section 13—214 had not run. The circuit court granted summary judgment and plaintiff appealed.

On appeal the parties in *McGee* argued as plaintiffs and defendants argue here. The plaintiff argued that the two-year statute of limitations of section 13—202 barred plaintiff's recovery while the defendant argued that he was discharged before the four-year statute of limitations under section 13—214 had run. The court held "[b]ecause no genuine issue of fact exists that plaintiff discharged defendant prior to the running of the four-year statute of limitations under section 13—214(a) of the Code, as a matter of law defendant cannot be liable for legal malpractice for failing to file a claim against third parties prior to December 23, 1989, the date the statute of limitations expired in this case." *McGee*, 261 Ill. App. 3d at 237, 633 N.E.2d at 237.

■ A cause of action for legal malpractice occurs at the time of the negligent act. (*Roberts v. Heilgeist* (1984), 124 Ill. App. 3d 1082, 465 N.E.2d 658.) When an attorney has allowed a claim to become time barred, the occurrence of his negligent act is fixed on the date the client's cause of action is barred. (*Kohler v. Woollen, Brown &*

*Hawkins* (1973), 15 Ill. App. 3d 455, 304 N.E.2d 677.) Here, defendants' and plaintiffs' attorney/client relationship ended sometime before April 1, 1991. The claim was not time barred until August 17, 1991.

Reversed and remanded with directions to grant the defendants' motion to dismiss.

THEIS and O'BRIEN, JJ., concur.